UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10795MLW

FILED
IN CLERKS OFFICE
2005 SEP 30  P 3 11
U.S. DISTRICT COURT
DISTRICT OF MASS.

LARRY GARCIA,
    Plaintiff,

v.

KINGS GRANT INS CORP.,
    Defendant.

### DEFENANT'S ANSWER TO THE PLAINTIFF'S COMPLAINT

1. The Defendant alleges it is without knowledge sufficient to form a belief as to the facts alleged in paragraph 1 of Plaintiffs' Complaint and therefore neither admits nor denies the allegations of said paragraph.

2. Admitted.

3. To the extent that paragraph 3 of Plaintiff's Complaint makes an allegation of fact, Defendant denies each and every allegation made therein. To the extent that paragraph 3 of Plaintiff's Complaint attempts to restate the law, it requires no response.

4. Deny.

5-7. Paragraphs 5-7 of the Plaintiff's Complaint have been omitted by what is perceived by Defendant as a typographical error, therefore, Paragraphs 5-7 of Plaintiff's Complaint do not make any allegations concerning or referring to any acts or omissions on the part of Defendant and so do not require any response. However, to the extent said paragraph(s) may be deemed to make any allegations concerning or referring to any acts or omissions on the part of Defendant, said Defendant denies each and every such allegation.

8. Deny.

9. Deny.

10. Deny.

11. Deny.

Wherefore, Defendant respectfully requests that this Court enter judgment in its favor dismissing with prejudice Plaintiff's Complaint and awarding Defendant costs and attorney's fees and whatever other and further relief this Court may deem just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

No acts or omission of Defendant if any, were the proximate cause of the Plaintiff's alleged injuries, and said injuries, if any, were the result of other intervening and superseding causes for which Defendant was not responsible.

### SECOND AFFIRMATIVE DEFENSE

The acts or omissions alleged in the Complaint were committed, or omitted, if at all, by parties for whose conduct or inaction Defendant was not, and is not, legally responsible.

### THIRD AFFIRMATIVE DEFENSE

If the plaintiff sustained the injuries complained of, all of which Defendant expressly denies, such injuries were caused in whole or in part by plaintiff's own negligence and accordingly any recovery for damages against Defendant is barred and/or must be reduced in accordance with M.G.L. c. 231 § 85.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted since:

a. Plaintiff's Complaint is vague and ambiguous for which no reasonable, responsive pleading can be framed by Defendant;

b. No act or omission of Defendant, its agents, servants or employees, caused the alleged injuries of which Plaintiff complains;

c. Plaintiff's injuries, if any, were caused by a person or persons for whom Defendant can accept no liability as they are not employees of Defendant;

d. Defendant has no ownership, control and no duty to repair or maintain the locus of Plaintiff's alleged injuries.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant states that process and/or service of process was deficient.

### THE DEFENDANT, KINGS GRANT CORP., CLAIMS A TRIAL BY JURY AS TO ALL ISSUES

KINGS GRANT CORP.,
By its Attorneys,

Thomas M. Niarchos
BBO No.371160
Edwin W. Barrett
BBO No. 643230
Law Office of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA 02110
(617) 772-2800

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on September 30, 2005.

Edwin W. Barrett